## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ANNANORA L. FIELDS,**

       **Plaintiff,**

**v.**                                **CASE NO.:**

**KING-TILLER, LLC,**
**THOMASINA R. TILLER-KING, and**
**WILLIE COACHMAN,**

       **Defendants.**
_____/

### JOINT NOTICE OF REMOVAL

Defendants King-Tiller, LLC, Thomasina R. Tiller-King, and Willie Coachman, through undersigned counsel, hereby give joint notice of the removal of the above-styled action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1331, 1441(a) and (b), and 1446(a), (b) and (d). This joint removal is based upon the existence of a federal question, 28 U.S.C. §§ 1331, 1441(a), (b). The grounds for removal are as follows:

### Introduction

1.    On or about October 26, 2020, plaintiff Annanora L. Fields ("Plaintiff") filed a Complaint (hereinafter "Complaint") in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. The action

was assigned Case No. 20-CA-8388. The Complaint asserts a claim for violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA").

2.      On October 29, 2020, Defendants King-Tiller, LLC and Thomasina R. Tiller-King were served with the Summons and Complaint in the above-captioned case.  Defendant Willie Coachman was served on November 10, 2020. True and correct copies of said documents are attached hereto as Exhibit "A."

## Federal Question Jurisdiction

3.      Plaintiff's Complaint alleges that Defendant violated the FLSA by failing to pay overtime pay. [Complaint, at ¶¶2-40.  It also contains a count under the Florida Private Whistleblower Act ("FWA"). [Complaint, at ¶¶41-62].

4.      Because the Complaint alleges violations of a federal statute, Plaintiff's claims are removable under 28 U.S.C. § 1441(a), (b), and (c). This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5.      The Court has supplemental jurisdiction over the FWA claims under 28 U.S.C. § 1367 because they are so related to the claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      In addition, Plaintiff appears to consent to removal. In her Complaint, she specifically advises/warns the Defendants as follows:

> This cause can be removed to the United States District Court for the Middle District of Florida, but any Defendant desiring to do so should be aware of the strict procedural requirements for resolving FLSA disputes in the Middle District, which most likely are stricter than in this Court and involve greater expense.

[Complaint, ¶ 3]. "[C]ourts should not sanction devices intended to prevent a removal to a Federal court where one has that right...." *Wecker v. Nat'l Enam. & Stamp. Co.*, 204 U.S. 176, 185-86 (1907). Here, Plaintiff attempts to deceive the Defendants (who were unrepresented by counsel when they received the Complaint) by falsely alleging that the procedural requirements for resolving FLSA disputes in the Middle District are "stricter" than in state court "and involve greater expense." Of course, the FLSA scheduling order procedures used by judges in the Middle District are intended to *reduce* – not *increase* – the parties' time and expense and are no "stricter" than procedures in state court. Misleading statements in pleadings designed to manipulate an unsuspecting defendant into foregoing its right to remove claims to a Federal court should not be countenanced.

### Additional Requisites for Removal

7.     This Notice of Removal is filed timely within 30 days after Defendants were served with the Summons and Complaint. 28 U.S.C. § 1446(b).

8.     All defendants expressly join in this removal through undersigned counsel, who represents all Defendants.

9.     Pursuant to 28 U.S.C. § 1446(a), copies of all papers filed in the state court action are attached hereto as Exhibit A.

10.     Written notice of the filing of this Notice of Removal has been served on the Plaintiff, and a copy of this Notice will be filed with the Clerk of the Circuit Court in and for Hillsborough County, Florida, simultaneously with the filing of

this document with this Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully requests that the Court take jurisdiction of this action and grant such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/ Jay P. Lechner*
**LECHNER LAW**
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jay P. Lechner, P.A.
Fifth Third Center
201 E. Kennedy Blvd., Suite 412
Tampa, Florida 33602
Telephone: (813) 842-7071
jplechn@jaylechner.com
shelley@jaylechner.com
*Attorneys for Defendants King-Tiller, LLC,*
*Thomasina R. Tiller-King, and Willie*
*Coachman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23th day of November, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of filing via electronic mail to all counsel of record.

/s/ Jay P. Lechner
Attorney

4